UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ZACHARY TAYLOR INGRAM,

    Plaintiff,

    v.      CAUSE NO. 3:25-CV-72-CCB-SJF

CHRISTINA REGAL, et al.,

    Defendants.

## OPINION AND ORDER

Zachary Taylor Ingram, a prisoner without a lawyer, filed a complaint. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Ingram alleges that, on June 3, 2024, he was placed in a holding cell due to an unspecified safety and security concern. He was to be housed in a different unit, but Ingram felt that the new housing assignment also presented safety and security concerns. He refused to move and expressed fear for his safety. Sgt. Laurie, Sgt. Smith, and Lt. Bradford allegedly pushed Ingram to force him to move toward the new housing unit. This caused Ingram to fall down a flight of stairs and injure his head.

They allegedly dragged him to the new housing assignment and slammed his head into a pillar twice. At some point he became unconscious. They then determined that he needed medical care and dragged him to the medical unit by his handcuffs while he was still mostly unconscious.[1]

The Eighth Amendment prohibits cruel and unusual punishment—including the application of excessive force—against prisoners convicted of crimes. *McCottrell v. White*, 933 F.3d 651, 662 (7th Cir. 2019). The "core requirement" of an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009) (internal citation omitted). Several factors guide the inquiry of whether an officer's use of force was legitimate or malicious, including the need for an application of force, the threat posed to the safety of staff and inmates, the amount of force used, and the extent of the injury suffered by the prisoner. *Id.* at 890. Here, giving Ingram the benefit of all favorable inferences, he has stated an excessive force claim against Sgt. Brett Laurie, Sgt. Smith, and Lt. Bradford.

Ingram has also named Warden Jason Smiley and Commissioner Christina Regal as defendants, but he has not asserted facts from which it can be inferred that either Warden Smiley or Commissioner Regal were personally involved in the alleged

---

[1] Sgt. Laurie filed a conduct report that Ingram alleges falsely claims he tried to run and flee while in mechanical restraints and hit his head. It is unclear if Ingram is attempting to assert a claim based on the false conduct report, but to the extent that was his intention, he has not stated a claim. "Falsifying a disciplinary charge [does] not give rise to liability for unconstitutional retaliation unless the motive for the fabrication was to retaliate for the exercise of a constitutional right." *Perotti v. Quinones*, 488 Fed. Appx. 141, 146 (7th Cir. Ind. 2012) (*citing Lagerstrom v. Kingston*, 463 F.3d 621, 625 (7th Cir. 2006)). Ingram has made no such allegation.

incident of excessive force. There is no general respondeat superior liability under 42 U.S.C. § 1983. *Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009). "[P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Id*. at 596. Because the complaint does not allege any personal involvement on the part of Warden Smiley or Commissioner Regal, Ingram cannot proceed against them.

For these reasons, the court:

(1) **GRANTS** Zachary Taylor Ingram leave to proceed against Sgt. Brett Laurie, Sgt. Smith, and Lt. Bradford in his individual capacity for compensatory and punitive damages for using excessive force against Ingram on June 3, 2024, in violation of the Eighth Amendment;

(2) **DISMISSES** all other claims;

(3) **DISMISSES** Commissioner Christina Regal and Warden Jason Smiley;

(4) **DIRECTS** the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Sgt. Brett Laurie, Sgt. Smith, and Lt. Bradford at the Indiana Department of Correction, with a copy of this order and the complaint (ECF 1);

(5) **ORDERS** the Indiana Department of Correction to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(6) **ORDERS**, under 42 U.S.C. § 1997e(g)(2), Sgt. Brett Laurie, Sgt. Smith, and Lt. Bradford to respond, as provided for in the Federal Rules of Civil Procedure and N.D.

Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on September 18, 2025.

/s/*Cristal C. Brisco*
CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT