UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ZACHARY TAYLOR INGRAM,

    Plaintiff,

        v.                              CAUSE NO. 3:25-CV-72-CCB-SJF

BRADFORD, et al.,

    Defendants.

## OPINION AND ORDER

Zachary Taylor Ingram, a prisoner without a lawyer, is proceeding in this case against Sgt. Brett Laurie, Sgt. Smith, and Lt. Bradford "for compensatory and punitive damages for using excessive force against Ingram on June 3, 2024, in violation of the Eighth Amendment[.]" ECF 16 at 3. On November 25, 2025, the defendants filed a motion for summary judgment, arguing Ingram did not exhaust his available administrative remedies before filing this lawsuit. ECF 25. With the motion, the defendants provided Ingram the notice required by N.D. Ind. L.R. 56-1(a)(4). ECF 28. Attached to the notice was a copy of Federal Rule of Civil Procedure 56 and Northern District of Indiana Local Rule 56-1.

Pursuant to Local Rule 56-1(b), a party opposing a summary judgment motion must, within 28 days after the movant serves the motion, separately file (1) a response brief; and (2) a Response to Statement of Material Facts, which includes a citation to evidence supporting each dispute of fact. The court extended Ingram's deadline to respond until March 19, 2026. ECF 34. That extended deadline has passed, but Ingram

still has not filed any response. Therefore, the court will now rule on the defendants'
summary judgment motion.

Summary judgment must be granted when "there is no genuine dispute as to
any material fact and the movant is entitled to judgment as a matter of law." Federal
Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the
evidence is such that a reasonable [factfinder] could [find] for the nonmoving party."
*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine
issue of material fact exists, the court must construe all facts in the light most favorable
to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v.
Moore*, 351 F.3d 278, 282 (7th Cir. 2003). A party opposing a properly supported
summary judgment motion may not rely merely on allegations or denials in its own
pleading but must "marshal and present the court with the evidence she contends will
prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010).

Prisoners are prohibited from bringing an action in federal court with respect to
prison conditions "until such administrative remedies as are available are exhausted."
42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have
been exhausted must be dismissed; the district court lacks discretion to resolve the
claim on the merits, even if the prisoner exhausts intra-prison remedies before
judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). "Failure to
exhaust is an affirmative defense that a defendant has the burden of proving." *King v.
McCarty*, 781 F.3d 889, 893 (7th Cir. 2015). The law takes a "strict compliance approach
to exhaustion." *Lockett v. Bonson*, 937 F.3d 1016, 1025 (7th Cir. 2019). To exhaust

2

remedies, "a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Id.*

The defendants provide an affidavit from the Grievance Specialist at Westville Correctional Facility ("WCF") and Ingram's grievance records, which show the following facts: During all relevant times, an Offender Grievance Process was in place at WCF and available to Ingram. ECF 25-1 at 2, 5. The Offender Grievance Process required Ingram to complete three steps before filing this lawsuit: (1) a formal grievance; (2) a Level I appeal to the warden; and (3) a Level II appeal to the Department Grievance Manager. *Id.* at 2. Ingram has successfully submitted grievances at WCF in the past. *Id.* at 7. However, he did not submit any grievance related to his claim that the defendants used excessive force against him at any point before he filed this lawsuit. *Id.* at 7-8. Ingram did attempt to submit relevant grievances *after* he filed this lawsuit, which the grievance office rejected as untimely. *Id.* at 8.

Here, the defendants have provided undisputed evidence showing Ingram did not exhaust his available administrative remedies before filing this lawsuit. Specifically, it is undisputed the Offender Grievance Process was available to Ingram, but he did not submit any relevant grievance before he filed this lawsuit. The fact that Ingram attempted to submit relevant grievances *after* he filed this lawsuit is not relevant to the exhaustion analysis. *See Mayberry v. Schlarf*, No. 3:23-CV-64-JD-JEM, 2024 WL 4274856, at *3 (N.D. Ind. Sept. 24, 2024) (noting the relevant date for exhaustion purposes is the date the inmate filed the lawsuit); *Perez*, 182 F.3d at 535 ("a suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district

3

court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment"); *Ford v. Johnson*, 362 F.3d 395, 398 (7th Cir. 2004) (a prisoner cannot file a lawsuit first and finish exhausting his administrative remedies later). Ingram did not respond to the defendants' summary judgment motion, and the record contains no evidence he submitted any relevant grievance before filing this lawsuit or that his administrative remedies were in any way unavailable. Therefore, the defendants have met their burden to show Ingram did not exhaust his available administrative remedies before filing this lawsuit. Summary judgment is warranted in their favor.

For these reasons, the court:

(1) **GRANTS** the defendants' motion for summary judgment (ECF 25); and

(2) **INSTRUCTS** the clerk to enter judgment in favor of the defendants and against Zachary Taylor Ingram and to close this case.

SO ORDERED on April 29, 2026.

   /s/ *Cristal C. Brisco*
CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT

4